# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| LEONARD O. POWERS,<br>    Plaintiff | )<br>)<br>) **REPORT AND RECOMMENDATION**<br>) |
| v. | )    Case No. 1:09cv00055<br>) |
| EQUITABLE PRODUCTION<br>COMPANY, etc.,<br>    Defendant | )<br>)<br>) |

This case comes before the court on plaintiff's Motion For Summary Judgment, (Docket Item No. 13) ("Motion"). The Motion is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

## *I. Facts*

The plaintiff, Leonard O. Powers, acting pro se, filed this suit against "Equitable Production Company, EQT, (aka Equitable Resources, EREX, Equitable, EPC et al)" ("Equitable"). The Complaint, which states that Leonard's claims lie in tort, property damage and products liability, contains an eight-page collection of disjointed factual assertions referencing numerous attached exhibits without further explanation. The Complaint was not sworn to under oath or threat of perjury. One of the exhibits to the Complaint, Exhibit D8, appears to be a photographic copy of an

-1-

affidavit sworn to by Powers on July 11, 2007, ("Powers's 2007 Affidavit"). An affidavit sworn to by Powers on September 29, 2009, ("Powers's 2009 Affidavit"), is attached to the plaintiff's brief filed in support of the Motion.

From repeated readings of the Complaint and all attachments, I have gleaned that Powers asserts that certain tracts of land in which he owns an interest in Dickenson County, Virginia, have been subjected to a forced pooling under the Virginia Gas and Oil Act, Virginia Code Annotated §§ 45.1-361.1 *et seq.,* to allow for exploration and collection of coalbed methane gas by Equitable. From the specific relief requested, it appears that Powers seeks to quiet title to the tracts, to obtain an accounting from Equitable as to the production of one of the wells located on these tracts and to recover royalty payments owed to him by Equitable. The Complaint alleges that representatives of Equitable, during the permitting process before the Virginia Gas and Oil Board, ("the Board"), falsely represented that Equitable owned the coal rights to these tracts of land, and, therefore, also owned the rights to coalbed methane. The Complaint alleges that certain representatives of Equitable testified falsely before the Board regarding the ownerships of these tracts. The Complaint also alleges that the plaintiff was told by a representative of the Board that any royalties owed from gas production from these tracts of land would be placed in escrow pending a court's determination regarding who owned the rights to the methane. The Complaint alleges that Equitable is taking methane from these tracts, but it is not placing any royalty payments in escrow for one of these tracts. While the Complaint, itself, does not reference a federal claim, Powers asserts in his Motion that Equitable's actions violated his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. The Motion also asserts that Equitable and its

representatives have committed fraud and perjury.

In Powers's 2007 Affidavit, Powers asserts that he is the record owner of an undivided interest in a 46-acre tract of land in Dickenson County and its associated mineral rights, including the gas estate. I cannot, however, determine from review of the affidavits, pleadings and briefs whether the tract of land addressed in Powers's 2007 Affidavit is one of the tracts at issue in this case. Powers's 2009 Affidavit asserts that he has not settled any of his claims against Equitable. Powers admits that he did enter into a settlement agreement with Pine Mountain Oil and Gas in 2008, ("Pine Mountain"), the terms of which Pine Mountain has not fulfilled.

## II. Analysis

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). In this case, Powers, the plaintiff, has moved for summary judgment. Before a plaintiff may be awarded summary judgment on a claim, the plaintiff must come forward with admissible evidence which demonstrates that there is no genuine issue of material fact and which meets his burden of proof on each essential element of the claim. *See Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 521-22 (4th Cir. 2003); *see also United States v. Dibble*, 429 F.2d 598, 601 (9th Cir. 1970). "Once the moving party has met that burden, the non-moving party must come forward and demonstrate that such

-3-

Case 1:09-cv-00055-JPJ-PMS   Document 21   Filed 10/26/09   Page 3 of 7   Pageid#: 87

an issue does, in fact, exist." *Bouchat,* 346 F.3d at 522.

This court previously has held that Powers's Complaint sets forth allegations sufficient to state one or more causes of action under Virginia law, including causes of action for conversion, conspiracy and an accounting. In seeking or responding to a motion for summary judgment, a party cannot, however, rest on mere allegations. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (4th Cir. 1986). "The summary judgment inquiry ... scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993). Unsworn statements, including unsworn pleadings, do not meet the requirements of Rule 56(e). *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158 n.17 (1970). Also, the defendant in this case, Equitable, has not yet filed its answer to the Complaint. Therefore, none of the allegations in the Complaint are admitted. No discovery or disclosures have occurred.

The only sworn statements offered by Powers in support of the Motion are Powers's 2007 Affidavit and Powers's 2009 Affidavit. The facts contained in these affidavits, if true, establish only that Powers owns a tract of land in Dickenson County and that he has not settled his claims against Equitable. That being the case, Powers has not presented sufficient evidence to meet his burden of proof on any of the causes of actions presented by his Complaint. "A plaintiff seeking summary judgment who had failed to produce ... evidence on one or more essential elements of his cause of action is no more 'entitled to a judgment' (Rule 56(c) Fed. R. Civ. Proc.) than is a plaintiff who has fully tried his case and who has neglected to offer evidence

sufficient to support a finding on a material issue upon which he bears the burden of proof." *Dibble*, 429 F.2d at 601. Because Powers has not met his burden on the Motion, I recommend the court deny the Motion.

I further note that Equitable, in response to the Motion, has filed the Affidavit of Rita McGlothlin-Barrett, the Regional Land Manager for EQT Production Company. Through McGlothlin-Barrett's affidavit, Equitable asserts that Powers is not entitled to judgment in this case because he settled his claims against Equitable in 2008. Therefore, it appears that a genuine issue exists with regard to this fact. McGlothlin-Barrett further states that, since no discovery has been conducted in the case, Equitable has not had an opportunity to produce evidence to dispute the claims contained in Powers's Complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 961 (4th Cir. 1996) (summary judgment must not be entered until the opposing party has had and "adequate time for discovery"). These provide additional bases for the denial of the entry of summary judgment in Powers's favor at this stage.

### PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. The plaintiff has failed to demonstrate facts sufficient to show that he is entitled to summary judgment;

2. The defendant has created a genuine issue of fact as to whether the

plaintiff has settled his claims against the defendant; and

3. The defendant has shown by affidavit that it cannot present facts to dispute the plaintiff's allegation until discovery can be conducted in the case.

## RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court deny the Motion.

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within ten days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the Honorable Glen M. Williams, Senior United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all

counsel of record and to all unrepresented parties.

DATED: This 26th day of October 2009.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE